LAW OFFICES OF JENNIFER A. KLEAR

*Jennifer A. Klear, Esq.*
*Media & Technology Attorney*
445 Park Avenue, 9th Floor
New York, New York 10022
212.579.5943 (O) 646.470.8170 (C)
jklear@klearlawfirm.com
www.klearlawfirm.com

July 30, 2012

**VIA REGULAR MAIL AND ECF**

The Honorable Patty Shwartz, USMJ
United States District Court for the
District of New Jersey
Martin Luther King, Jr. Federal
Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      **Re:**    MaryAnn Sahoury et al. v. Meredith Corporation et al. (2:11 Civ 05180) (KSH) (PS)

Dear Judge Shwartz:

    I am writing this joint letter on behalf of my clients Defendants Meredith Corporation, Meredith Video Studios, and Parents.TV (collectively "Meredith" or "Defendants") and in conjunction with counsel for Plaintiffs MaryAnn Sahoury and A.S. The purpose of this letter is to address (1) the scheduling of the deposition of the lactation consultant and (2) a discovery dispute that the parties are unable to resolve after extensive discussion. With respect to the latter issue, it is the hope of the parties that this matter may be resolved prior to the depositions of Meredith's witnesses, which are currently – scheduled for August 2, 2012 – less than two days from today. Counsel for the parties discussed a tentative deposition schedule for the case over one month ago. That schedule has since changed due to scheduling conflicts and unforeseeable events. It is Defendants' contention that those scheduling conflicts and unforeseen events were in Plaintiffs' schedule and that of their counsel. Meredith has already rescheduled flights once to come in from Iowa where it is headquartered to accommodate these conflicts and unforeseeable events. By postponing the depositions to a later date, Meredith believes it will be unfairly punished for cooperating with Plaintiffs' counsel and making its witnesses available for deposition – well before Plaintiff MaryAnn Sahoury is available for deposition.

**1.**    **The Scheduling of the Deposition of the Lactation Consultant**

    On July 10, 2012, upon Meredith's informal application to potentially add the lactation consultant as a third-party defendant in the referenced case, Your Honor issued

an Order.  That Order provided that "discovery needed to determine if defts will seek to file a third party complaint against the lactation consultant shall be completed no later than 8/7/12."  Despite the best efforts of Meredith to obtain the necessary discovery of the lactation consultant by this date, Meredith now seeks an extension of time to obtain such discovery.  The lactation consultant in cooperation with Plaintiffs' counsel has informed Plaintiffs' counsel that she is unavailable on August 1, 2 or 3 when deposition dates had been set aside by counsel for Plaintiffs and Defendants.  Moreover, Plaintiffs' counsel will be on vacation from August 6 through August 13 making the scheduling of the lactation consultant's deposition by August 7 unlikely.  As a result, Meredith respectfully requests that Your Honor grant it until September 1, 2012 to obtain the necessary discovery from the lactation consultant.

2.      **Parties' Discovery Dispute**

The parties' discovery dispute involves Plaintiffs' Interrogatory No. 12 and Defendants' response thereto, which are set forth below.  In particular, Plaintiffs demand a response to this Interrogatory prior to taking the depositions on Defendants' witnesses, which are currently scheduled for August 2, 2012 – less than two days from today.  It is the goal of both parties to resolve this matter prior to those depositions.

Plaintiffs' Interrogatory No. 12:

Please provide the following information for any breastfeeding video made and distributed by defendants from January 2007 thru July 2010: date(s) video was filmed, date(s) video was distributed, name of producer, whether defendants used the mother's first name only in the video, or whether defendants used the mother's first and last name in the video, and what media platforms (e.g. cable, stand alone internet sites, web portals, YouTube) defendants distributed the video(s).

Defendants' Response to Interrogatory No. 12:

*Meredith objects to the scope of this Interrogatory because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence with regard to liability. Meredith further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and vague.  Subject to and without waiving these objections or the General Objections, Meredith refers to the documents produced herewith.*

As a part of Meredith's response it has provided Plaintiffs' counsel with an opportunity to inspect the other breastfeeding videos it has made and distributed as requested in Plaintiffs' Interrogatory No. 12.  Specifically, Meredith has made its offices readily available for such inspection.  Plaintiff's counsel was expected to inspect this last week, but cancelled as a result of scheduling conflicts, including among other things, court appearances.  Meredith's offer to Plaintiffs' counsel remains open.  As of today's date, Plaintiffs' counsel has not scheduled a firm time to inspect those videos.

LAW OFFICES OF JENNIFER A. KLEAR

Page 3 of 6

On July 17, 2012, Plaintiffs' counsel sent Meredith a letter outlining deficiencies in Meredith's responses to Plaintiffs' Interrogatories. Meredith had prepared a formal written response, which it had intended to mail today. However, prior to that event, and during a telephone call between counsel for parties regarding the scheduling of Meredith's witness for deposition and a time for Plaintiffs' counsel to inspect the other breastfeeding videos, Meredith verbally informed Plaintiffs' counsel of its objections to the Interrogatory. Specifically, Meredith informed Plaintiffs' counsel that it has no specific business records reflecting the information Plaintiffs seek, but that information responsive to the Interrogatory may be ascertained by inspecting the other breastfeeding videos at Meredith's offices. Moreover, Meredith reaffirmed its position that it did not believe that a response to this Interrogatory is likely to lead to the discovery of admissible evidence.

<u>Why Plaintiffs Believe Its Request is Relevant and Why Meredith's Response is Deficient</u>

Plaintiffs request for a list of defendant's other breast-feeding videos and whether or not the participants first and last name were used in the video is relevant. Prior to her video shoot, plaintiff claims that defendants specifically represented to her that they would only use her first name in the video. In reliance upon that representation, plaintiff participated in the video. Instead, defendants used her full name (first and last). Ultimately, plaintiff and her infant daughter were linked forever to pornography on the Internet because defendants used her last name.

Based upon the foregoing, plaintiffs have filed a multi count complaint against defendants alleging misrepresentation, negligence and breach of contract, amongst other claims not relevant to this discovery issue.

Based upon these claims, plaintiffs have requested in their interrogatories that defendants provide a list of their other breastfeeding videos and whether or not the participants' full name is used in the video. Plaintiffs request is limited in time and scope. For instance, it only requests defendants breast-feeding videos, not all of their other videos. In discovery, it has been represented that there are only approximately 7 to 8 breast-feeding videos involved in the request.

Notwithstanding the fact that it would take less than a half hour to prepare the list, defendants insist that the parties (yes, including the defendants and their counsel) expend time and incur additional costs in going into Manhattan to defendants corporate offices to inspect the breast feeding videos, when such action may not be required depending on what their list reveals. If the list states that the participants' full name is not used in any other breast-feeding video, there will be no need to inspect the videos. If the list reveals that they use the full name in some and not others, then an inspection would be warranted to corroborate their answer. As mentioned above, we are only talking about 7 to 8 videos. I also don't want to waste my time and my client's money going into Manhattan, inspecting the videos and then when I ask for copies of the videos, defendants claim they will not produce them because they are not relevant.

New York • New Jersey                                                                                          klearlawfirm.com

The list is completely relevant to all of plaintiffs' claims. If the full name is not used in the other videos, it will corroborate plaintiff's claim that the representation was made and will evidence, at least in part, support for plaintiff's various claims.

The case law cited by defense counsel below supports plaintiffs' position that defendants should answer interrogatory #12.  In each and every one of those cases, the evidence regarding company policy, practice, and or procedure, whether in writing or by conduct, was admitted into evidence. The standard here for the production of the requested discovery is not even whether it would be admissible in evidence (that may be left for another day), it is whether the information may lead to admissible evidence, and as outlined above, it clearly will.

In addition, failure to comply with a company rule or policy is generally relevant as evidence of whether the employee has exercised due care in the performance of his job. See Marks v Mobil Oil Corp, 727 F2d 1100 (3d Cir 1984); 57 Am. Jur. 2d Negligence §187 (1989).

Counsel has tentatively scheduled the depositions of two of defendants' corporate witnesses. John Houghton, who allegedly was the videographer and editor of the two videos taken the same day as plaintiffs. The first involving plaintiff, which used her full name, and the second, involving someone named Meghan, which did not, and Michael Knott, the VP in charge of video production and distribution. I need this information before the depositions take place. Notwithstanding, I offered defendants a couple of options in attempt to accommodate them. I suggested that I would go forward with their depositions, without the requested information, so long as they agree that they are subject to recall later once the information is received and reviewed. I also offered to postpone the depositions until the information is provided. Neither was acceptable to defendants.

<u>Why Meredith Believes its Response is Sufficient</u>

1. <u>Providing Plaintiffs' the Ability to Inspect Meredith's Business Records is Not a Deficient Answer to Plaintiffs' Interrogatory No. 12</u>

Pursuant to Rule 33(d)(2) of the Federal Rules of Civil Procedure, a party answering an interrogatory may "giv[e] the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries … [i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party."

Meredith does not in the normal course of its business maintain records of which videos include the first and last names of the mothers as is requested by Plaintiffs in Interrogatory No. 12.  As a result, Meredith has afforded Plaintiffs the opportunity to inspect the other breastfeeding videos it has produced and make a summary record of such information.  Because Meredith does not maintain this information in the ordinary

course of its business the burden to create such information will be the same for Plaintiffs as it is for Meredith. In addition, Plaintiffs have already noted above that it may need to inspect the videos. If so, it would be far more economical to have that inspection done prior to depositions of Meredith's employees.[1]

> 2. Plaintiffs' Request is Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence.

Rule 26 of the Federal Rules of Civil Procedure "allows discovery of all non-privileged material which is reasonably calculated to lead to the discovery of admissible evidence." J.T. Baker, Inc. v. Aetna Cas. & Sur. Co., 135 F.R.D. 86, 90 (D.N.J. 1989). Here, however, as a matter of law, the discovery of "whether defendants used the mother's first name only in the video, or whether defendants used the mother's first and last name in the video, and what media platforms (e.g. cable, stand alone internet sites, web portals, YouTube) defendants distributed the video(s)" in other breastfeeding videos it produced is not relevant to a claim of negligence. Plaintiffs seek this information to prove as alleged in their Second Amended Complaint that "Defendants violated their duty to plaintiff in that defendants negligently and carelessly included M.S.'s first and last name in the final video, which was presented to the public . . . This is especially true since defendants' own policy and procedure to not use the full name, first and last, of mothers and babies in the *other institutional education videos*, including breastfeeding videos, that they produce and post on the website or on the internet." See Second Amended Complaint, ¶¶ 64-75.

It has long been held that in determining the standard of care in a negligence action that "a defendant's 'internal policies-standing alone-cannot demonstrate the applicable standard of care.'" Cast Art Indus., LLC v. KPMG LLP, 416 N.J. Super. 76, 106 (App. Div. 2010). See Estate of Elkerson v. N. Jersey Blood Ctr., 342 N.J. Super. 219, 229 (App. Div. 2001); Wellenheider v. Rader, 49 N.J. 1, 7 (1967); Shafer v. H. B. Thomas Co., 53 N.J. Super. 19, 23 (App. Div. 1958). Thus, "'[w]hile a defendant's internal rules may be admissible as evidence of whether reasonable care was exercised, such rules must be excluded, as a matter of law, if they require a standard of care which transcends the traditional common-law standard of reasonable care under the circumstances." Cast Art Indus., 416 N.J. Super. at 106. See Johnson v. Mountainside Hosp., 239 N.J.Super. 312, 322-24 (App.Div. 1990). Moreover, "unlike the violation of a state statute, failure to comply with a company rule cannot constitute negligence *per se*." Clement v. Consol. Rail Corp., 130 F.R.D. 530, 538 (D.N.J. 1990). Consequently,

---

[1] Should the Court issue an Order compelling Meredith to produce the videos as well, which has not been specifically requested in Plaintiffs' discovery, Meredith seeks to produce that information subject to the Protective Order now before Plaintiffs. Many of those videos are no longer publicly available and as a result, contain confidential information.

Meredith's own alleged internal policies or procedures are not the equivalent of a duty and any alleged breach thereof cannot constitute negligence.[2]

    More importantly, even if the breach of a company's internal policy could constitute the breach of a duty of care owed in negligence actions, the information Plaintiffs seek does not relevant nor does it support the existence of an actual policy. It is incorrect, as Plaintiffs do, to assume or deduce from the mere fact that mother's names were omitted by Meredith in its other breastfeeding videos that a policy, in fact, exists. Rather whether or not Meredith implemented a policy regarding the use of the first and last names of mothers featured in its other breastfeeding videos is a matter that can best be explored during depositions. Currently, the deposition of two of Meredith's employees is scheduled for August 2, 2012 – less than two days from today. It is Meredith's request that those depositions move forward as scheduled to explore this issue.

    Respectfully submitted,

    *Jennifer A. Klear*
    Jennifer A. Klear

cc:    Fred Pisani, Esq. (Counsel for Plaintiffs)

---

[2] The Marks case cited by Plaintiffs is not instructive since it is a case applying Pennsylvania law and, thus, not applicable here.