NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARYANN SAHOURY, individually, and as guardian ad litem for A.S.,

*Plaintiffs*,

v.

MEREDITH CORPORATION, MEREDITH VIDEO STUDIOS and PARENT TV,

*Defendants*.

Civ. Action No. 11-5180 (KSH)

**OPINION & ORDER**

**Katharine S. Hayden, U.S.D.J.**

This matter comes before the Court on the motion of defendants Meredith Corporation, Meredith Video Studios, and Parent TV (collectively "Meredith"), seeking partial reconsideration of the opinion and order of August 2, 2012 denying Meredith's motion to dismiss plaintiff's second amended complaint. [D.E. 40.] Meredith argues that Count II of the second amended complaint should have been dismissed as a matter of law. For the reasons set forth below, the motion for reconsideration is denied.

A motion for reconsideration is governed by Local Rule 7.1(i) and regarded as "the functional equivalent of a Rule 59 motion . . . to alter [or] amend a judgment." *Venen v. Sweet*, 758 F.2d 117, 122 (3d Cir. 1985). The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); see also *P. Shoenfeld Asset Mgmt. LLC v. Cendant*

1

*Corp.,* 161 F. Supp. 2d 349, 352 (D.N.J. 2001) (Walls, J.); *Yurecko v. Port Auth. Trans-Hudson Corp.,* 279 F. Supp. 2d 606, 609 (D.N.J. 2003) (Linares, J.).  Reconsideration of a judgment after its entry is an extraordinary remedy, and motions to reconsider are granted "very sparingly." *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986) (Brotman, J.); *accord Damiano v. Sony Music Entm't, Inc.,* 975 F. Supp. 623, 634 (D.N.J. 1997) (Simandle, J.).

Accordingly, Rule 7.1(i) provides that a party filing a motion for reconsideration must file "a brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked."  If the motion is properly filed, a court may grant it for one of three reasons: "(1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp.,* 825 F. Supp. 1216, 1220 (D.N.J. 1993) (Lechner, J.) (citing *Weyerhaeuser Corp. v. Koppers Co.,* 771 F. Supp. 1406, 1419 (D. Md. 1991)); *Carmichael v. Everson,* Civ. No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (Cavanaugh, J.).

A motion for reconsideration is not to be used as "an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers." *Bowers v. Nat'l Collegiate Athletic Ass'n,* 130 F. Supp. 2d 610, 613 (D.N.J. 2001) (Orlofsky, J.).  Rule 7.1 "explicitly invites counsel to draw the court's attention to decisions which may have been overlooked by the court, not those which were overlooked by counsel." *Polizzi Meats, Inc. v. Aetna Life & Cas. Co.,* 931 F. Supp. 328, 339 (D.N.J. 1996) (Orlofsky, J.).  Therefore, a court does not consider legal theories and arguments raised for the first time on a motion for reconsideration. *See e.g., Feit v. Great-West Life & Annuity Ins. Co.,* 460 F. Supp. 2d 632, 644 (D.N.J. 2006) (Ackerman, J.), *aff'd* 271 Fed. App'x 246 (3d Cir. 2008) (stating that litigant's

attempt to raise new arguments "falls afoul of the admonition to confine the grounds for reconsideration to matters previously presented to, but overlooked by, the court on the original motion."); *BAPU Corp. v. Choice Hotels Int'l,* No. 07-5938, 2010 WL 3259799, at *1 (D.N.J. Aug. 17, 2010) (Martini, J.) ("this court cannot consider [an] argument . . . raised for the first time in this motion for reconsideration."); *Cafaro v. HMC Intern., LLC,* No. 07-2793, 2009 WL 2382247, at *1–2 (D.N.J. July, 30 2009) (Linares, J.) (noting cases not presented to the court in moving papers cannot be considered matters that the court overlooked).

Meredith's motion for reconsideration argues that Count II of the complaint must be dismissed as a matter of law because, under New Jersey law, proof of a negligent misrepresentation does not void a contract that has been fully performed. Therefore, the argument goes, even if plaintiff were to be successful in proving that Meredith made a negligent misrepresentation upon which she relied, she would still be bound by the release she signed. (Def.'s Br. 3–5, 9–10.) This argument was never raised in Meredith's moving brief or its reply brief. Consistent with the decisions cited above, the Court will not permit Meredith to raise new arguments in this motion to achieve a different result.

Good cause appearing,

**IT IS** on this 20th day of August, 2012,

**ORDERED** that Meredith's motion for reconsideration [D.E. 40] is **denied.**

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.